## Case No. 3,006.

### In re COLLINS.

[3 Biss. 415;[1] 10 N. B. R. 335.]

District Court, N. D. Illinois. Jan., 1873.

BANKRUPTCY OF MARRIED WOMAN.

A married woman may be a voluntary as well as an involuntary bankrupt.

In bankruptcy. This was a motion by Charles Botto, a creditor of the bankrupt, a married woman, to set aside and dismiss the bankruptcy proceedings.

Wm. T. Burgess, for the motion, contended that a claim against a married woman is in the nature of a charge against her estate, not a debt against her, and that she has not the capacity to contract debts; citing Carpenter v. Mitchell, 54 Ill. 127; Parent v. Callerand [64 Ill. 97].

J. B. Leake, for bankrupt.

BLODGETT, District Judge. On the 28th day of November last, Harriet E. Collins, of this city, filed her petition before the register in bankruptcy for this district, asking to be adjudged a bankrupt. It was a voluntary proceeding on her part, setting forth that she was insolvent and unable to pay her debts, and bringing herself, as far as the petition appeared, strictly within the bankrupt law. The adjudication was entered and the proceedings went on under the usual pro forma course until the 14th of December, when Mr. Charles Botto appeared in this court and represented, by his petition and proofs, that he was a creditor of Mrs. Collins; that she was a married woman; that he had brought suit in the superior court of Cook county, Illinois, which had proceeded to a judgment, and that he was then in process of collecting his judgment when he was interfered with by the proceedings in bankruptcy, which had stopped him from enforcing his individual claim, and suggesting to the court that Mrs. Collins, being a married woman, could not avail herself voluntarily of the provisions of the bankrupt law [of 1867 (14 Stat. 521)], and be adjudged a bankrupt.

It is obvious that the principles I have already laid down in the Kinkead Case [Case No. 7,824] apply with equal force to this case. I can see no difference between the voluntary and involuntary proceeding, so far as the ability to adjudge a woman bankrupt is concerned. Mrs. Collins was engaged as a trader in this city. She had a husband, but he took no interest in the business; she was to all intents and purposes the sole trader, and

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

becoming insolvent and desiring to avail herself of the provisions of the bankrupt law, surrendered her property, which was quite considerable, to the jurisdiction of the court, and asked to be relieved. I think the principles I have laid down in the Kinkead case, that a married woman could lawfully engage in business and incur liabilities, justify her in coming to this court, and the court in taking jurisdiction of the case. The motion of Botto to set aside these proceedings will be overruled.

That a married woman may be a voluntary bankrupt. In re O'Brien [Case No. 10,397]. This is also the English rule. Roche & H. Bankr. 357 et seq. Consult, also, In re Kinkead [Case No. 7,824], and In re Goodman [Id. 5,540], Sept., 1873.